2013 OK 5

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Amy Lynn McTEER, Respondent.**

SCBD No. 5827.
OBAD No. 1895.
OBAD No. 1900.

Supreme Court of Oklahoma.

Jan. 14, 2013.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS

¶ 1 Upon consideration of the Oklahoma Bar Association's application for an order approving the resignation of Amy Lynn McTeer pending disciplinary proceedings, this Court finds:

1. On December 20, 2012, McTeer submitted her affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings.

2. McTeer's affidavit of resignation reflects that: a) it was freely and voluntarily rendered; b) she was not subject to coercion or duress; and c) she was fully aware

of the consequences of submitting her resignation.

3. McTeer acknowledges that there are pending formal complaints in SCBD # 5827, OBAD 1895, and OBAD 1900 and that she was interim suspended from the practice of law on February 14, 2012.

4. McTeer is aware that the allegations set forth, if proven, would constitute violations of the Oklahoma Rules Governing Professional Conduct, Okla. Stat. tit. 5, ch. 1, app. 3–A (2011), and her oath as an attorney. However, she waives any and all right to contest the allegations.

5. McTeer's resignation pending disciplinary proceedings is in compliance with all the requirements set forth in Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1–A (2011), and it should be approved.

6. McTeer acknowledges and agrees that she may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11 RGDP, and she will make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

7. McTeer acknowledges that, as a result of her conduct, the Client Security Fund may receive claims from her former clients. McTeer agrees that, should the Oklahoma Bar Association approve and pay such Client Security Fund Claims, she will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

8. McTeer acknowledges that the Oklahoma Bar Association has incurred minimal costs in the investigation of this matter. At the request of the Oklahoma Bar Association, those costs have been waived

9. The official roster address of McTeer as shown by Bar Association records is Amy Lynn McTeer, OBA # 17969, 6702 Trenton Road, Nichols Hills, Oklahoma 73116.

¶2 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Amy Lynn McTeer be stricken from the roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, McTeer may not make application for reinstatement prior to the expiration of five years from the effective date of this order. This order shall be effective from February 14, 2012, the date of McTeer's interim suspension. Pursuant to Rule 9.1, McTeer shall notify all of her clients having legal business pending with her of her inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any monies expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

¶3 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE this 14th day of January, 2013.

CONCUR: COLBERT, C.J.; REIF, V.C.J.; KAUGER, WINCHESTER, EDMONDSON, TAYLOR, COMBS, JJ.

DISSENTS: WATT, J.

NOT PARTICIPATING: GURICH, J.

WATT, J., dissenting.

I would not allow this respondent to resign pending disciplinary proceedings but would, at the appropriate time, concur in an order of disbarment.